Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Regina Y. Yeh (SBN 266019)
regina@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| STAR FABRICS, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> TARGET CORPORATION, a Minnesota Corporation; KANDY KISS OF CALIFORNIA, INC.,  a California Corporation; MOREX ENTERPRISES, INC., and DOES 1 through 10, <br><br> Defendants. | Case No.:   CV 10-7987 DDP (AGRx) <br> *Hon. Dean D. Pregerson Presiding* <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT TO ESTABLISH LIABILITY FOR COPYRIGHT INFRINGEMENT AS TO TARGET CORPORATION, KANDY KISS OF CALIFORNIA, INC., AND MOREX ENTERPRISES, INC.; DECLARATION OF STEPHEN M. DONIGER, ESQ. IN SUPPORT THEREOF** <br><br> *[Declaration of Adir Haroni; Statement of Uncontroverted Facts and Conclusions of Law; [Proposed] Order Submitted Concurrently Herewith]* <br><br> Date: September 12, 2011 <br> Time: 10:00 a.m. <br> Courtroom:  3 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on September 12, 2011 at 10:00 a.m. in Courtroom 3 of the above-referenced court, Plaintiff Star Fabrics, Inc. ("Plaintiff") will move, pursuant to Federal Rule of Civil Procedure 56, for partial summary judgment on the question of Defendants Target Corporation, Kandy Kiss of California, Inc., and Morex Enterprises Inc.'s liability for copyright infringement.

This motion is made on the grounds that Plaintiff is entitled to such a determination as a matter of law because there is not evidence sufficient to raise a triable issue of fact in regard to: (1) the originality of Plaintiff's design 59705; (2) Plaintiff's ownership of design 59705; and (3) the infringement of Plaintiff's design 59705 by Defendants' through their illegal creation, distribution, purchase and sale of garments that bear a knock-off of Plaintiff's design 59705.

This Motion is based on the attached Memorandum of Points and Authorities, the Statement of Uncontroverted Facts, the Declarations of Adir Haroni and Stephen M. Doniger, Esq. filed herewith, the papers and evidence on file in this case, and such evidence and argument as may be received at the hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 5 and 9, 2011 with Defendants' counsel.

                                              Respectfully submitted,

                                              DONIGER / BURROUGHS APC

Dated: August 11, 2011         By:   /s/ Stephen M. Doniger
                                                         Stephen M. Doniger, Esq.
                                                         Scott A. Burroughs, Esq.
                                                         Regina Y. Yeh, Esq.
                                                         Attorneys for Plaintiff

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................ 6

II.  FACTUAL BACKGROUND ......................................................................... 6

   A.   STAR's Purchase and Creation of 59705 ........................................ 7

   B.   Defendants' Copying of 59705 ......................................................... 7

III. ARGUMENT .................................................................................................. 8

   A.   Standard of Review .......................................................................... 8

   B.   There is No Genuine Issue of Material Fact that each Defendant Infringed STAR's Copyright ................................................................................. 9

     1.   There Are No Facts To Dispute That STAR Owns Design 59705 ................. 10

     2.   STAR Has Established Defendants' Infringement of 59705 ........................... 11

       a.   Defendants Had Access to 59705 ........................................................ 11

       b.   Substantial Similarity is Beyond Reasonable Dispute ....................... 13

         i.   STAR Satisfies the Extrinsic Test ............................................... 14

         ii.  STAR Satisfies the Intrinsic Test ................................................ 16

IV.  CONCLUSION ............................................................................................ 17

# TABLE OF AUTHORITIES

**Cases**

*Addisu v. Fred Meyer, Inc.* 198 F. 3d 1130, 1134 (9th Cir. 2000) .................................9

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ......................................8

*Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir.1987) ..................................................9

*Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).....................13, 14

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ........................................................8

*Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1218 (9th Cir.1997) ..............................................................................................................10

*Eve of Milady v. Impression Bridal*, 986 F. Supp. 158 (S.D.N.Y. 1997) .....................14

*Hamil America Inc. v. GFI*, 193 F.3d 92 (2d Cir. 1999) ...............................................10

*Jackson,* 84 F.3d at 1218................................................................................................14

*Kamar International v. Russ Berrie & Co.*, 657 F.2d 1059, 1062 (9th Cir. 1981) ......11

*Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042 (9th Cir. Cal. 1994) ..........16

*Lamps Plus, Inc. v. Seattle Lighting Fixture Co.,* 345 F.3d 1140, 1144-45 (9th Cir. 2003)...........................................................................................................................10

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)8

*McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 319 (9th Cir. 1987) ........................14

*North Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031 (9th Cir. 1992).................10

*See McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 319 (9th Cir. 1987).................14

*Shaw v. Lindheim,* 919 F.2d 1353, 1356 (9th Cir. 1990)..............................................14

*Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000), *cert. denied*, 531 U.S. 1126 (2000). ...........................................................................9, 11, 12, 13

*Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1330 (9th Cir. Cal. 1983)...........................................................................................................................16

**Statutes**

17 U.S.C. § 106 ...................................................................................................................9

17 U.S.C. § 410(c) ............................................................................................................10

17 U.S.C. § 602 ...................................................................................................................9

17 U.S.C. §106(2) ...............................................................................................................9

**Other Authorities**

9ᵀᴴ Circuit Model Jury Instruction 17.5 ............................................................10

## I. INTRODUCTION

Plaintiff, Star Fabrics, Inc. ("STAR"), is a textile broker that develops its own proprietary library of art, which it exclusively offers to its customers for printing on textile. These designs are proprietary to and copyrighted by STAR, and allow STAR to compete in the marketplace by offering the trendiest, most appealing designs.

This case arises from Defendants verbatim copying of one of these designs, styled 59705, which they reproduced onto fabric that was then manufactured into garments sold throughout the United States.

This motion is brought because there can be no real dispute as to either Plaintiff's ownership of the 59705 design, or Defendants' purchase and sales of garments bearing unauthorized copies of said design. Since there is no real question of fact for the jury as to ownership or copying – the two elements of a claim for copyright infringement – this motion should be granted.

## II. FACTUAL BACKGROUND

STAR is a Los Angeles-based company that acts as a textile converter, i.e., a company that works with garment manufacturers looking for fabric printed with artwork. (Haroni Decl. ¶ 2). As part of its business practices, STAR creates original textile designs, or purchases the exclusive rights to designs that are created by reputable art studios. *Id.* at ¶ 3. STAR offers its exclusive designs for sale to its customers and then, if a customer wants to use fabric printed with its design, STAR has the design printed on fabric through international and domestic printing mill partners. *Id.* at ¶ 3. STAR's exclusive offering of a compelling and trend-forward textile design portfolio allows it to compete in the competitive apparel industry *Id.* Customers that desire its textile designs must purchase fabric bearing those prints through STAR, as it is the copyright holder for its design library. *Id.*

### A. STAR's Purchase of 59705

On October 26, 2006, STAR purchased artwork styled "471-383" from the Tom Cody Design Studio, a reputable studio well-known in the apparel industry with offices in New York and London. *Id.* at ¶ 5, Ex. 1. Concurrent with STAR's purchase, it received a written transfer of all rights, including all intellectual property rights, in that design. *Id.* According to Tom Cody, the owner of the studio, not only is the policy of his studio to only create and sell original artwork, but he recognizes the "471-383" work as being the work of and in "the hand" of the artist who created it. (Doniger Decl. ¶ 3).

STAR renamed design "471-383" as "59705" and then applied to register 59705 with the Copyright Office. On May 15, 2007 that work was registered under Registration No. VA 1-409-811. (Haroni Decl. at ¶ 6, Ex. 2).

Immediately following STAR's purchase of the 59705 design it extensively offered that design to its customers in its showroom and by having salespersons visit those customers. *Id.* at ¶7. One of these customers, notably, was Defendant Kandy Kiss of California, Inc. ("KANDY KISS"), who received sample yardage of Plaintiff's design 59705 in multiple color combinations in July of 2007. *Id.* at ¶8, Ex. 4.

### B. Defendants' Copying and Sales of Product that infringed 59705

On July 3, 2010 STAR purchased a garment at a Target retail store which bore a design that was virtually identical to 59705. *Id.* at ¶ 9, Ex. 5. Not only did that garment bear the 59705 design, but the design was featured in the same color combination that Star had previously sampled and sold to its customers. *Id.* at ¶ 7, Ex. 3.

The offending garment was one of 4 kimono-style dresses being sold at Target which bore different artwork but were otherwise identical all other aspects, including price, cut, and material. Star Fabrics knew that these garments had been manufactured

by KANDY KISS because it had provided KANDY KISS with the printed fabric for one of the other 3 dresses in that program. *Id.* at ¶ 10. Star Fabrics President Adir Haroni contacted KANDY KISS President Tad Aikin to discuss the offending garment, and Mr. Aikin confirmed that KANDY KISS had sold the dresses to Target, and claimed that it obtained the offending design from Defendant Morex Enterprises, Inc. ("MOREX"). *Id.*

MOREX has confirmed that it provided the design appearing on the offending garments to KANDY KISS. Doniger Decl. ¶1, Ex. 1. MOREX admits that it does not own that design, does not know who created it, and does not know when it was created. Doniger Decl. ¶1, Ex. 1.

## III. ARGUMENT

### A. Standard of Review

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Once the moving party meets its initial burden of showing there is no genuine issue of material fact, the opposing party has the burden of producing competent evidence and cannot rely on mere allegations or denials in the pleadings. *Id.* at 247-48, 256-57; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non moving party, there is no 'genuine issue for trial.'" *Id.* at 587. To meet its burden the responding party's evidence must be substantive, a "scintilla of

evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of, material fact." *Addisu v. Fred Meyer, Inc.* 198 F. 3d 1130, 1134 (9th Cir. 2000).

To succeed at the summary judgment stage on its copyright infringement claim, Plaintiff must "show ownership of the allegedly infringed material and […] demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. See 17 U.S.C. § 501(a) (infringement occurs when alleged infringer engages in activity listed in § 106); *see also Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir.1987). One of these rights is the right to prepare derivative works from the copyrighted material. 17 U.S.C. §106(2). Another is the exclusive right to distribute and sell product bearing the copyrighted work 17 U.S.C. §106(3) ("…to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending…"). It is also illegal to import infringing product into the United States. 17 U.S.C. § 602.

### B. There is No Genuine Issue of Material Fact that each Defendant Infringed STAR's Copyright

The Copyright Act, 17 U.S.C. § 106, protects the owner of a copyright by granting him or her exclusive rights to "reproduce, distribute, and publicly display copies of the work." To succeed on its copyright infringement claim, a plaintiff must establish "(1) ownership of the copyright; and (2) infringement—that the defendant copied protected elements of the plaintiff's work." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000), *cert. denied*, 531 U.S. 1126 (2000).

Summary judgment is proper in this case because there is no factual dispute to challenge either STAR's ownership of the 59705 design, or Defendants' copying of the same. Therefore, a finding of liability in advance of trial is warranted.

### 1. **There Are No Facts to Dispute that STAR Owns Design 59705**

STAR holds a duly-issued copyright registration that covers 59705. (Haroni Decl. ¶ 6). Under 17 U.S.C. § 410(c), the registration certificate constitutes *prima facie* evidence of the validity of the copyright and the facts stated on the certificate, including Plaintiff's ownership. *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.,* 345 F.3d 1140, 1144 (9th Cir. 2003); *see also* 9ᵀᴴ CIRCUIT MODEL JURY INSTRUCTION 17.5; *North Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992) ("Under our copyright law, the registration of the copyright certificate itself establishes a prima facie presumption of the validity of the copyright in a judicial proceeding . . ."). Thus, Defendants bear the burden of rebutting the presumption of validity. *Hamil America Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999).

To rebut the presumption of validity in STAR's copyright, competent evidence must be introduced, such as when "the alleged infringer demonstrates that the plaintiff's work `is not original but copied from another's work.'" *Entm't Research Group, Inc. v. Genesis Creative Group, Inc*., 122 F.3d 1211, 1218 (9th Cir.1997) (quoting *North Coast Indus*., 972 F.2d at 1033). Because Defendants cannot offer any such evidence, STAR is entitled to adjudication in its favor on the first element of its copyright infringement claim.

Moreover, even if it were not able to rely on these presumptions, STAR herewith has submitted a declaration attesting that the design was duly purchased as an original works of art owned from a reputable design studio, and that al intellectual property rights in that artwork was transferred to STAR. Specifically, the testimony of STAR President Adir Haroni establishes that in October of 2006 STAR purchased artwork entitled"471-383" from the Jack Jones Design Studio, a reputable design studio which is very well known in the apparel industry, and received a written transfer of ownership in that artwork. (Haroni Decl. ¶5). STAR then renamed that design 59705 and began to sample and sell fabric bearing 59705 to its customers. *Id.* at ¶¶ 7-8.

Finding that STAR owns 59705 and that said design is comprised of original, copyrightable elements is warranted because there is no probative contrary evidence. Moreover, such a finding will promote judicial efficiency as it will avoid the wasteful expense of STAR having to introduce testimony at trial. Therefore, STAR respectfully requests that the Court adjudicate that Plaintiff owns the Subject Designs.

### 2. **STAR Has Established Defendants' Infringement of 59705**

Upon finding that STAR owns 59705, this Court should also find Defendants liable for infringement of said design because there is no question that Defendants copied 59705.

Copying is generally demonstrated by a proffer of evidence establishing that (1) the Defendants had a reasonable opportunity to view or access the copyrighted material; and (2) the Defendants' work and the Plaintiff's work are substantially similar .*Three Boys Music Corp.*, 212 F.3d at 486.  As set forth below, both elements are easily met in this case.

### a. Defendants Had Access to 59705

To establish access, STAR need only establish that one of the defendants had an "opportunity to view or copy" the design or designs infringed upon. *Three Boys Music Corp.*, 212 F.3d at 483.  Because an infringed party infrequently catches the infringer in the act, "[p]roof of access requires only an opportunity to view or to copy plaintiff's work." *Kamar International v. Russ Berrie & Co.*, 657 F.2d 1059, 1062 (9th Cir. 1981).

In this case, there can be no real question of access.  KANDY KISS sampled the design in July of 2007 (Harooni Decl. ¶8). Access is established when "the work was sent directly to the defendant or a close associate of the defendant." *Selle v. Gibb*, 741 F.2d 896, 901, 223 USPQ 195, 198 (7th Cir. 1984). In this case, the work was sent directly to defendant. As such, access is established.

Next, thousands of yards of fabric bearing 59705 were printed by STAR for legitimate customers, and distributed into the marketplace, including in the color combination used by Defendants (Harooni Decl. ¶7). This lawfully-printed fabric was manufactured into garments that were sold in the marketplace. This further establishes access as it is evidence that "the plaintiff's work has been widely disseminated." *Three Boys Music Corp.*, 212 F.3d at 482 (finding that evidence existed to support jury finding of access through widespread dissemination where a sound recording enjoyed significant radio airplay over 20 years).

Under Ninth Circuit precedent, access only requires plaintiff to show a "*reasonable* opportunity" to view the work, and not Defendants' *actual* access to the work (although that is established in this case as well). *Three Boys Music Corp.*, 212 F.3d at 482 (emphasis added). In this case, however, we have clear evidence of actual access. Access must be found.

Even if it wasn't, a finding of infringement is appropriate given the striking similarity of the two designs.

A showing of access is not necessary, or may be presumed, when the two works at issue are strikingly similar. *Lipton v. Nature Co*., 71 F.3d 464, 471 (2d Cir.1995)(when two designs are "so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access."), *citing Smith v. Jackson*, 84F.3d 1213, 1220 (9th Cir.1996) and *Baxter,* 812 F.2d at 424, n. 2 ("Proof of striking similarity is an alternative means of proving `copying' where proof of access is absent"), *cert. denied*, 484 U.S. 954, 108 S.Ct. 346, 98 L.Ed.2d 372 (1987); *Selle v.Gibb*, 741 F.2d 896, 903 (7th Cir. 1984) (a striking similarity is one sufficiently unique or complex as to make it unlikely that it was independently created).

To establish "striking similarity" "plaintiffs must demonstrate that `such similarities are of a kind that can only be explained by copying, rather than by

- 12 -

coincidence, independent creation, or prior common source.'" *Testa v. Janssen*, 492 F.Supp. 198, 203 (W.D.Pa.1980) (quoting *Stratchborneo v. Arc Music Corp.*, 357 F.Supp. 1393, 1403 (S.D.N.Y.1973)); see also *Stewart v. Wachowski*, 574 F. Supp. 2d 1074 (C.D.C.A. 2005)("to prove that certain similarities are `striking,' plaintiff must show that they are the sort of similarities that cannot satisfactorily be accounted for by a theory of coincidence, independent creation, prior common source, or any theory other than that of copying. The similarities should be sufficiently unique or complex as to make it unlikely that both pieces were copied from a prior common source, ... or that the defendant was able to compose the accused work as a matter of independent creation"), quoting *Selle*, 741 F.2d at 904. The designs in this case are strikingly similar, if not identical, as fully exposited in section (b), *infra*.

Based on the foregoing, there can be no real question regarding access, and summary judgment in favor of Plaintiff is warranted.

### b. Substantial Similarity is Beyond Reasonable Dispute

In order to prove copying, Plaintiff must show substantial similarity between the copyrighted work and the alleged infringing material. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. Cal. 2000) ("Proof of the substantial similarity is satisfied by a two-part test of extrinsic similarity and intrinsic similarity.").

In the Ninth Circuit, the two-step analysis employed to determine whether two works are substantially similar asks: (1) whether there is similarity in the specific expressions under a point-by-point analysis (the extrinsic test), and (2) whether there is similarity in the "total look and feel" when viewed by an ordinary observer (the intrinsic test). *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). In a copyright infringement case involving artwork, a court looks to the similarity of the objective details in appearance. *McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 319

(9th Cir. 1987) (citing *Litchfield v. Spielberg*, 736 F.2d 1352, 1356 (9th Cir. 1984)).[1]

A comparison of STAR's design 59705 with Defendants' infringing design reveals that the designs are substantially similar. Indeed, it appears that the designs are nigh identical. Cf. STAR's 59705 design (Exhibit 3 to the Haroni Decl.) with Defendants' design (*see* Exhibit 2 to the Doniger Decl.)

### i. STAR Satisfies the Extrinsic Test

As a process, the extrinsic test involves "breaking the works down into their constituent elements, and comparing those elements for proof of copying. . ." *Jackson*, 84 F.3d at 1218. *Id*. Elements under consideration include "the type of artwork involved, the materials used, the subject matter, and the setting for the subject." *Shaw v. Lindheim,* 919 F.2d 1353, 1356 (9th Cir. 1990); *see also Cavalier*, 297 F.3d at 826 ("Although we do not attempt here to provide an exhaustive list of relevant factors for evaluating art work, the subject matter, shapes, colors, materials, and arrangement of the representations may be considered in determining objective similarity in appearance.").

STAR easily satisfies the extrinsic test with respect to 59705. A comparison of 59705 to the accused garment reveals no doubt that each garment exploits that design in a material way. Indeed, a side-by-side analysis reveals that the designs are, in fact, the same. Set forth hereunder is the STAR design (top), and the Defendant's design (bottom). There is no question that substantial similarity exists between the two.

---

[1] *See McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 319 (9th Cir. 1987) ("In *Litchfield*, we stated that the similarity of ideas prong may be shown by focusing on the similarities in the objective details of the works. Concluding that the plates are 'confusingly similar in appearance' is tantamount to finding substantial similarities in the objective details of the plates."). *See also Eve of Milady v. Impression Bridal*, 986 F. Supp. 158 (S.D.N.Y. 1997)(finding that "slight discrepancies between...[portions of the] patterns are eclipsed by the almost total likeness in the arrangement and placement of the designs...which...are elements of the plaintiffs' protectible work").

STAR'S DESIGN



DEFENDANTS' DESIGN



- 15 -

PLAINTIFF'S NOTICE AND MOTION FOR PARTIAL SUMMARY JUDGMENT

See also Exhibit 3 to the Haroni Decl. and Exhibit 2 to the Doniger Decl. (comparisons of larger images of the designs). Given the above, a finding of substantial similarity, and infringement, is appropriate.

### ii. STAR Satisfies the Intrinsic Test

STAR also satisfies the "intrinsic test," in which a court would determine whether an ordinary, reasonable person would find the "total concept and feel of the works" to be substantially similar. *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir. 1977); *see also Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042 (9th Cir. Cal. 1994) (The intrinsic test is a subjective test that focuses on "whether the ordinary, reasonable audience would recognize the defendant's work as a 'dramatization' or 'picturization' of the plaintiff's work.") (internal citations omitted).

Again, the designs are, to all appearances, identical and a simple comparison of STAR's 59705 with the design on the accused garment reveals that STAR's proprietary design is virtually indistinguishable from the design on Defendants' garments. While the intrinsic test is subjective, a grant of summary judgment for plaintiff is proper where works are so overwhelmingly identical that the possibility of independent creation is precluded." *Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1330 (9th Cir. Cal. 1983). STAR submits that striking similarity exists on the overwhelming similarities between the works.

A grant of summary judgment is proper where works are so overwhelmingly identical that the possibility of independent creation is precluded. *Twentieth Century-Fox Film Corp. v. MCA, Inc.,* 715 F.2d 1327, 1330 (9th Cir. 1983) (While the intrinsic test is somewhat subjective, the Court must still grant summary judgment if the moving party has met its burden in showing that "the works are so overwhelmingly identical that the possibility of independent creation is precluded."). Such a situation is before the Court today. With verbatim copying of STAR's proprietary design and

no evidence of independent creation, Defendants can only be found liable for copyright infringement. Accordingly, this Motion should be granted.

## IV. CONCLUSION

Partial summary judgment should be granted in this case because there is no triable question of fact concerning Defendants' liability for infringement, and granting this motion will streamline this case so the parties can focus on the material issue that is reasonably in dispute, that of damages. Thus, STAR respectfully requests that this Court grant its request for summary judgment as to liability for copyright infringement as to all Defendants, and/or make the following findings:

1. Design number "59705" is owned by STAR;
2. Defendant Target Corporation has infringed STAR's copyright in 59705;
3. Defendant Kandy Kiss of California, Inc. has infringed STAR's copyright in 59705; and
4. Defendant Morex Enterprises, Inc. has infringed STAR's copyright in 59705.

Respectfully submitted,

DONIGER / BURROUGHS APC

Dated: August 11, 2011      By: /s/ Stephen M. Doniger
                                Stephen M. Doniger, Esq.
                                Scott A. Burroughs, Esq.
                                Regina Y. Yeh, Esq.
                                Attorney for Plaintiff

## DECLARATION OF STEPHEN M. DONIGER, ESQ.

I, Stephen M. Doniger, Esq., am a shareholder at DONIGER / BURROUGHS APC, attorneys for Plaintiff in this action. I make this declaration of my personal knowledge in support of Plaintiff's motion for partial summary judgment establishing liability. If called as a witness I could and would competently testify as follows:

1. I took the deposition of Defendant Morex Enterprises, Inc. ("MOREX") on August 1, 2011. In that deposition, MOREX stated that its offending design at issue in this case is named "9P467" (12:13-18), and that it provided that design to Kandy Kiss of California, Inc. ("KANDY KISS") (38:12-23). In deposition MOREX further stated that it does not know who created its design 9P467 and does not presently claim to own that design (14:9-18). A true and correct copy of the relevant pages with this information is attached hereto as Exhibit "6".

2. Attached hereto as Exhibit "7" is a true and correct copy of a CAD of the Morex 9P467 design showing its full repeat. This document was produced in discovery by Morex, as indicated by the bate number on the bottom of the page.

3. On June 17, 2011 I attended the deposition of Tom Cody Design Studio in New York. The deponent, owner Tom Cody, made clear that his studio only creates and sells original artwork, and he further stated that he recognized the 471-383 artwork sold to Star Fabrics, Inc. as the work of his artist because it was "in her hand", meaning in her artistic style.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this August 11, 2011 at Culver City, California.

By:    /S/ Stephen M. Doniger
       Stephen M. Doniger
       Declarant

PLAINTIFF'S NOTICE AND MOTION FOR PARTIAL SUMMARY JUDGMENT