Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Regina Y. Yeh (SBN 266019)
regina@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Minnesota Corporation; et al.;<br><br>Defendants. | Case No.: CV 10-7987 DDP (AGRx)<br>*Hon. Dean D. Pregerson Presiding*<br><br>**PLAINTIFF'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW** |

After consideration of the papers in support of and in opposition to the Plaintiff Star Fabric, Inc.'s Motion for Partial Summary Judgment and any oral argument of counsel, pursuant to Fed. R. Civ. P. 56(c), the Court determines that the following findings of fact and law have been conclusively established:

/ / /

/ / /

- 1 -

___
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

## UNCONTROVERTED FACTS

| Uncontroverted Fact | Basis |
|---|---|
| 1. Star Fabrics, Inc. ("Star Fabrics") is a Los Angeles-based company that acts as a textile converter, i.e., a company that works with garment manufacturers looking for fabric printed with artwork. | Haroni Decl. ¶ 2. |
| 2. As part of its business practices, Star Fabrics creates original textile works of art ("designs") or purchases the exclusive rights to designs that are created by reputable art studios. | Haroni Decl. ¶ 3. |
| 3. Star Fabric offers its exclusive designs for sale to its customers and then, if a customer wants to use fabric printed with our design, we have the design printed on fabric through printing mills that we work with both domestically and overseas. | Haroni Decl. ¶ 3. |
| 4. No other party is authorized to make sales of product bearing Star Fabrics' proprietary designs, or to alter, modify, or recast these designs without express permission from Star Fabrics. | Haroni Decl. ¶ 4. |
| 5. On October 26, 2006, Star Fabrics purchased artwork named "471-383" from the Tom Cody Design Studio, a reputable design studio well known in the apparel industry with offices in New York and London. | Haroni Decl. ¶ 5, Ex. 1. |
| 6. Concurrent with that purchase, Star Fabrics received a written transfer of all rights in that design. | Haroni Decl. ¶ 5. |
| 7. Star Fabrics renamed design "471-383" as "59705" and then applied to register 59705 with the Copyright Office, and on May 15, 2007, that work was registered under Copyright Registration No. VA 1-409-811. | Haroni Decl. ¶ 6, Ex. 2. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 8. Star Fabrics owns 59705. | Haroni Decl. ¶¶ 5-6, Exs. 1-2; Doniger Decl. ¶ 3. |
| 9. Following the purchase of design 46459705, Star Fabrics offered it for sale to its customers in its showroom and by having salespersons visit those customers. | Haroni Decl. ¶ 7; Ex. 3. |
| 10. Design 59705 was sampled and sold to many customers in a number of different color variations, including a purple and green color combination. | Haroni Decl. ¶ 7; Ex. 3. |
| 11. In July of 2007 Star Fabrics sold sample yardage of fabric bearing design 59705 in different color combinations to Kandy Kiss of California. | Haroni Decl. ¶ 8, Ex. 4. |
| 12. On July 3, 2010, Star Fabrics purchased a garment at a Target retail store which bore a design that was virtually identical to 59705. | Haroni Decl. ¶ 9, Ex. 5. |
| 13. The garment found at Target bearing the knockoff of our 59705 design was one of 4 kimono-style dresses being sold at Target which bore different artwork but were otherwise identical in price, cut, material, etc. | Haroni Decl. ¶ 10. |
| 14. Kandy Kiss of California, Inc. had sold the dresses to Target, and obtained the design believed to infringe 59705 from Morex Enterprises, Inc. | Haroni Decl. ¶ 10; Doniger Decl. ¶ 1, Exs. 6-7. |
| 15. The 59705 design and the design found on the Target dress are substantially similar. | Haroni Decl. ¶ 5, Ex. 1; Doniger Decl. ¶ 1, Exs. 6-7. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

# CONCLUSIONS OF LAW

| Conclusion of Law | Basis |
|---|---|
| 1. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. | FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) |
| 2. An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under governing law. | *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) |
| 3. Once the moving party meets its initial burden of showing there is no genuine issue of material fact, the opposing party has the burden of producing competent evidence and cannot rely on mere allegations or denials in the pleadings. | *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 256-57 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) |
| 4. "Where the record taken as a whole could not lead a rational trier of fact to find for the non moving party, there is no 'genuine issue for trial.'" | *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) |
| 5. The Copyright Act, 17 U.S.C. § 106, protects the owner of a copyright by granting him or her exclusive rights to "reproduce, distribute, and publicly display copies of the work." | 17 U.S.C. § 106 |
| 6. To succeed on its copyright infringement claim, Plaintiff must "show ownership of the allegedly infringed material and […] demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. | 17 U.S.C. § 501(a); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000), *cert. denied*, 531 U.S. 1126 (2000). |
| 7. One of these rights is the right to prepare derivative works from the copyrighted | 17 U.S.C. §106(2). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| material. | |
| 8. Another is the exclusive right to distribute and sell product bearing the copyrighted work. | 17 U.S.C. §106(3) ("…to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending…"). |
| 9. It is also illegal to import infringing product into the United States. | 17 U.S.C. § 602. |
| 10. Under 17 U.S.C. § 410(c), the registration certificate constitutes *prima facie* evidence of the validity of the copyright and the facts stated on the certificate, including Plaintiff's ownership. | *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.,* 345 F.3d 1140, 1144 (9th Cir. 2003); *see also* 9TH CIRCUIT MODEL JURY INSTRUCTION 17.5; *North Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992) |
| 11. Defendants bear the burden of rebutting the presumption of validity. | *Hamil America Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999) |
| 12. To rebut the presumption, competent evidence must be introduced, such as when "the alleged infringer demonstrates that the plaintiff's work `is not original but copied from another's work.'" | *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1218 (9th Cir.1997) (quoting *N. Coast Indus.*, 972 F.2d at 1033) |
| 13. Only a "modicum of creativity" is required to establish originality. | *Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991). |
| 14. Original work is work that was independently created by the author (as opposed to copied from other works), and that it possesses at least some "minimal degree of creativity." | *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1076 (9th Cir. 2000)(quoting Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 345 (1991)). |
| 15. Copying is generally demonstrated through a | *Three Boys Music Corp. v.* |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| showing that (1) the Defendants had access to the copyrighted material, and (2) the Defendants' work and the Plaintiff's work are substantially similar. | *Bolton*, 212 F.3d 477, 481 (9th Cir. 2000), *cert. denied*, 531 U.S. 1126 (2000). |
| 16. To establish access, Plaintiff need only establish that one of the Defendants had an "opportunity to view or copy" the design or designs infringed upon. | *Three Boys Music Corp.*, 212 F.3d at 483. |
| 17. Because an infringed party infrequently catches the infringer in the act, "[p]roof of access requires only an opportunity to view or to copy plaintiff's work." | *Kamar International v. Russ Berrie & Co.*, 657 F.2d 1059, 1062 (9th Cir. 1981) |
| 18. An opportunity to view or copy may be established by evidence that "the plaintiff's work has been widely disseminated." | *Three Boys Music Corp.*, 212 F.3d at 482 |
| 19. Under Ninth Circuit precedent, access only requires plaintiff to show a "*reasonable* opportunity" to view the work, and not Defendants' *actual* access to the work. | *Three Boys Music Corp.*, 212 F.3d at 482 (emphasis added). |
| 20. If two designs are "so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access." | *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995); *Three Boys Music*, 212 F.3d at 485 *citing Smith v. Jackson*, 84 F.3d 1213, 1220 (9th Cir.1996) and *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987); *Selle v. Gibb*, 741 F.2d 896, 903 (7th Cir. 1984) |
| 21. In order to prove copying, Plaintiff must also show substantial similarity between the copyrighted work and the alleged infringing material. | *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. Cal. 2000) |
| 22. In the Ninth Circuit, the two-step analysis employed to determine whether two works | *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th |

| | | |
|---|---|---|
| | are substantially similar asks: (1) whether there is similarity in the specific expressions under a point-by-point analysis (the extrinsic test), and (2) whether there is similarity in the "total look and feel" when viewed by an ordinary observer (the intrinsic test). | Cir. 2002) |
| 23. | As a process, the extrinsic test involves "breaking the works down into their constituent elements, and comparing those elements for proof of copying. . ." *Id*. Elements under consideration include "the type of artwork involved, the materials used, the subject matter, and the setting for the subject." | *Shaw v. Lindheim,* 919 F.2d 1353, 1356 (9th Cir. 1990); *see also Cavalier v. Random House, Inc.*, 297 F.3d 815, 826 (9th Cir. 2002) |
| 24. | As a process, the "intrinsic test," involves the court determining whether an ordinary, reasonable person would find the "total concept and feel of the works" to be substantially similar. The intrinsic test is a subjective test that focuses on "whether the ordinary, reasonable audience would recognize the defendant's work as a 'dramatization' or 'picturization' of the plaintiff's work.") | *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir. 1977); *see also Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042 (9th Cir. Cal. 1994) |
| 25. | A grant of summary judgment is proper where works are so overwhelmingly identical that the possibility of independent creation is precluded. While the intrinsic test is somewhat subjective, the Court must still grant summary judgment if the moving party has met its burden in showing that "the works are so overwhelmingly identical that the possibility of independent creation is precluded.") | *Twentieth Century-Fox Film Corp. v. MCA, Inc.,* 715 F.2d 1327, 1330 (9th Cir. 1983) |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 26. In a copyright infringement case involving artwork, a court looks to the similarity of the objective details in appearance. | *McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 319 (9th Cir. 1987) (citing *Litchfield v. Spielberg*, 736 F.2d 1352, 1356 (9th Cir. 1984)). |
| 27.). In a copyright infringement case involving artwork, a court looks to the similarity of the objective details in appearance. | *McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 319 (9th Cir. 1987) (citing Litchfield v. Spielberg, 736 F.2d 1352, 1356 (9th Cir. 1984)). |
| 28. The Ninth Circuit has repeatedly rejected a "dissimilarity" analysis in determining substantial similarity. | *Krofft*, 562 F.2d at 1165; *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901 (9th Cir.1987). |
| 29. The "intrinsic test" is where a court would determine whether an ordinary, reasonable person would find the "total concept and feel of the works" to be substantially similar. | *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir. 1977); *see also Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042 (9th Cir. Cal. 1994) |
| 30. While the intrinsic test is subjective, a grant of summary judgment for plaintiff is proper where works are so overwhelmingly identical that the possibility of independent creation is precluded." | *Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1330 (9th Cir. Cal. 1983). |
| 31. A grant of summary judgment is proper where works are so overwhelmingly identical that the possibility of independent creation is precluded. | *Twentieth Century- Fox Film Corp. v. MCA, Inc.,* 715 F.2d 1327, 1330 (9th Cir. 1983). |

SO ORDERED:

Dated: _____      By: _____
                                 UNITED STATES DISTRICT COURT
                                 HONORABLE DEAN D. PREGERSON

- 8 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW