O

No JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STAR FABRICS, INC., a             )   Case No. CV 10-07987 DDP (AGRx)
California corporation,            )
                                  )
                Plaintiff,        )   **ORDER GRANTING MOTION FOR PARTIAL**
                                  )   **SUMMARY JUDGMENT**
        v.                        )
                                  )
TARGET CORPORATION, a             )
Minnesota Corporation; KANDY      )
KISS OF CALIFORNIA, INC., a       )   [Motion filed on 8/11/11]
California corporation;           )
MOREX ENTERPRISES, INC.,          )
                                  )
                Defendants.       )
_____   )

    Presently before the court is Plaintiff Star Fabrics, Inc.

("STAR")'s Motion for Partial Summary Judgment.  Having considered

the submissions of the parties and heard oral argument, the court

grants the motion and adopts the following order.

**I.   Background**

    STAR is a "textile converter" that provides fabric printed

with art designs to garment manufacturers.  (Declaration of Adir

Haroni ¶ 2.)  Defendant Morex Enterprises, Inc. ("Morex") provides

a similar service.  (Haroni Dec. ¶ 10.)  STAR creates or acquires

designs, offers those designs to customers, and provides fabric
bearing those designs. (Haroni Dec. ¶ 3.) STAR charges customers
for fabric by the yard based on quantity ordered and type of
material requested. (Haroni Deposition at 40.) STAR's design
acquisition and development costs are treated as overhead expenses,
and the particular design printed on a given fabric does not affect
the cost of the fabric. (Haroni Depo. at 45.)

     In 2006, STAR purchased an art design, the "59705" design, for
$550, and began offering the design to customers. (Haroni Dec. ¶¶
6-7; Haroni Deposition at 14:20, 27:15.) STAR also registered the
copyright to the 59705 design. (Haroni Dec. ¶ 6). In 2007, STAR
sold fabric samples bearing the 59705 design to Defendant Kandy
Kiss of California, Inc. ("Kandy Kiss"), a garment manufacturer.
(Haroni Dec. at 8.)

     In 2010, STAR discovered a garment bearing a design virtually
identical to the 59705 design for sale at a store operated by
Defendant Target Corporation ("Target"). (Haroni Dec. ¶ 10.) Only
variations in coloring distinguish the 59705 design from the design
on the Target garment. (Mot. at 15, Exhibits 4, 7 to Mot.) STAR
learned that Kandy Kiss had manufactured the dresses for Target
from fabric obtained from Morex. (Haroni Dec. ¶ 10.) STAR now
moves for partial summary judgment that Defendants have infringed
upon the 59705 design.

**II.  Legal Standard**

     A motion for summary judgment must be granted when "the
pleadings, depositions, answers to interrogatories, and admissions
on file, together with the affidavits, if any, show that there is
no genuine issue as to any material fact and that the moving party

2

1  is entitled to a judgment as a matter of law." Fed. R. Civ. P.
2  56(c).  A party seeking summary judgment bears the initial burden
3  of informing the court of the basis for its motion and of
4  identifying those portions of the pleadings and discovery responses
5  that demonstrate the absence of a genuine issue of material fact.
6  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

7      Where the moving party will have the burden of proof on an
8  issue at trial, the movant must affirmatively demonstrate that no
9  reasonable trier of fact could find other than for the moving
10 party.  On an issue as to which the nonmoving party will have the
11 burden of proof, however, the movant can prevail merely by pointing
12 out that there is an absence of evidence to support the nonmoving
13 party's case.  See id.  If the moving party meets its initial
14 burden, the non-moving party must set forth, by affidavit or as
15 otherwise provided in Rule 56, "specific facts showing that
16 there is a genuine issue for trial." Anderson v. Liberty Lobby,
17 Inc., 477 U.S. 242, 250 (1986).  The evidence is viewed in the
18 light most favorable to the non-moving party, and all justifiable
19 inferences are to be drawn in its favor.  Anderson, 477 U.S. at
20 242.

21     It is not the court's task "to scour the record in search of a
22 genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275,
23 1278 (9th Cir. 1996).  Counsel have an obligation to lay out their
24 support clearly. Carmen v. San Francisco Sch. Dist., 237 F.3d 1026,
25 1031 (9th Cir. 2001). The court "need not examine the entire file
26 for evidence establishing a genuine issue of fact, where the
27 evidence is not set forth in the opposition papers with adequate
28 references so that it could conveniently be found." Id.

## III. Discussion

To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant. <u>Narell v. Freeman</u>, 872 F.2d 907, 910 (9th Cir. 1989); <u>Three Boys Music Corp. v. Bolton</u>, 212 F.3d 477, 481 (9th Cir. 2000), <u>cert.</u> <u>denied</u>, 531 U.S. 1126 (2000).  Here, Defendants do not dispute that STAR owns the 59705 design.  (Opp. at 8 n.3.)

A plaintiff may prove copying or infringement by showing that 1) the defendant had access to the protected work and 2) the two works are substantially similar.  <u>Three Boys</u>, 212 F.3d at 481. Even where there is no proof of access, however, a "striking similarity" between an allegedly infringing work and a protected work gives rise to an inference of copying.  <u>Baxter v. MCA, Inc.</u>, 812 F.2d 421, 423 (9th Cir. 1987).  Summary judgment "is not highly favored on questions of substantial similarity in copyright cases." <u>Shaw v. Lindheim</u>, 919 F.2d 1353, 1355 (9th Cir. 1990).  However, a "grant of summary judgment for plaintiff is proper where works are so overwhelmingly identical that the possibility of independent creation is precluded."  <u>Twentieth Century-Fox Film Corp. v. MCA, Inc.</u>, 715 F.2d 1327, 1330.

### A.  Access

A plaintiff may show that a defendant had access to a work through direct evidence, or through circumstantial evidence that 1) a chain of events links the protected work and the defendant's access to the work or 2) the work was widely disseminated.  <u>Art Attacks Ink, LLC v. MGA Entertainment Inc.</u>, 581 F.3d 1138, 1143 (9th Cir. 2009).

4

1    Here, there is no genuine issue as to defendants' access to

2    the 59705 design.  There is direct evidence that Kandy Kiss had

3    access to the design, a sample of which it purchased in 2007.

4    Subsequently, Kandy Kiss obtained fabric from Morex bearing a

5    design of Kandy Kiss's choosing.  Kandy Kiss then manufactured

6    garments bearing that design and provided them to Target.  This

7    chain of events constitutes circumstantial evidence that Morex and

8    Target had access to the 59705 design.[1]

9        B.   Substantial Similarity

10    To determine whether two works are substantially similar, the

11    Ninth Circuit employs a two-part analysis — an extrinsic and an

12    intrinsic test.  The "extrinsic test" is an objective comparison of

13    specific expressive elements.  Cavalier v. Random House, Inc., 297

14    F.3d 815, 822 (9th Cir. 2002).  The "intrinsic test" is a

15    subjective comparison that focuses on "whether the ordinary,

16    reasonable audience" would find the works substantially similar in

17    the "total concept and feel of the works."  Kouf v. Walt Disney

18    Pictures & Televison, 16 F.3d 1042, 1045 (9th Cir. 1994).

19    Here, both the extrinsic and intrinsic tests are easily met.[2]

20    The observable elements in the 59705 design and the design printed

21    on the offending garment are numerous, complex, and virtually

22    identical.  The 59705 design displays intricate plant designs

23    _____

24    [1] In their opposition, Defendants assert that STAR
disseminates its designs to numerous fabric printing companies in

25    Asia, and that Morex obtained the 59705 design from one of these
companies.  (Opp. at 3.)  Thus, even absent the chain of events

26    linking Morex and Target with the 59705 design, Morex and Target
had access to the design via what Defendants themselves acknowledge

27    to be wide dissemination of the design.

28    [2] Nowhere do Defendants assert that the two designs are not
substantially similar.

1   featuring multiple leafy stems, flowers, and buds of different

2   shapes and sizes.  The 59705 design also displays a large,

3   prominent fringed teardrop shape, within which are contained

4   additional plant shapes, including dozens of different flowers of

5   various configurations and sizes and stems bearing heart-shaped

6   leaves of varying size.  The elements of the allegedly infringing

7   design are, in size, shape, proportion, layout, and indeed every

8   aspect but coloration, identical to those in the protected work.

9   No ordinary observer or reasonable juror could fail to conclude

10  that the works are substantially similar.[3]

11      C.  Affirmative Defenses

12      Defendants assert that their affirmative defense of misuse of

13  copyright and unclean hands warrant denial of Plaintiff's motion

14  for summary judgment.  (Opp. at 5.)  "The defense of unclean hands

15  by virtue of copyright misuse prevents the copyright owner from

16  asserting infringement and asking for damages when the infringement

17  occurred by his dereliction of duty."  Supermarket of Homes, Inc.

18  v. San Fernando Valley Board of Realtors, 786 F.2d 1400, 1408 (9th

19  Cir. 1986).  Though the 9th Circuit has yet to define the contours

20  of copyright misuse, other circuits have recognized it as a use of

21  copyright in a manner contrary to public policy.  MDY Industries,

22  _____

23      [3] Having shown that Defendants had access to the 59705 design,
    Plaintiff need not demonstrate a "striking similarity" between the
24  works.  Smith v. Jackson, 84 F.3d 1213, 1220 (9th Cir. 1996).
    "Striking similarity exists when two designs are so much alike that
25  the only reasonable explanation for such a great degree of
    similarity is that the later work was copied from the first."
26  Stewart v. Wachowski, 574 F.Supp.2d 1074, 1103 (C.D. Cal. 2005)
    (internal quotations and alteration omitted).  As suggested in the
27  court's discussion of substantial similarity, the two works are
    virtually identical.  Reasonable minds could not differ on the
28  striking similarity, let alone the substantial similarity, of the
    two designs at issue here.

1   LLC v. Blizzard Entm't, Inc., 629 F.3d 928, 941 (9th Cir. 2010);

2   Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1090, (9th Cir.

3   2005), citing Alcatel USA, Inc. v. DGI Technologies, Inc., 166 F.3d

4   772, 792 (5th Cir. 1999); Practice Mgmt. Info. Corp. v. American

5   Med. Ass'n, 121 F.3d 516, 520 (9th Cir. 1997), citing Lasercomb

6   Am., Inc. v. Reynolds, 911 F.2d 970, 977-79 (4th Cir. 1990).

7        Defendants assert that STAR has misused its copyright in the

8   97905 design by having certain printing mills in China and Korea

9   print the fabric that STAR supplies to customers.  (Opp. at 2.)

10  STAR contracted with seven fabric suppliers or trading companies in

11  Korean and China to provide fabric bearing STAR designs.  (Haroni

12  Depo. at 62-65; Opp. At 3, Reply at 6.)  Those fabric suppliers

13  then contract with factories in their own countries that actually

14  produce fabric.  (Haroni Depo. at 56:5-11.)  STAR does not know the

15  names of the factories with which its trading company partners

16  contract.  (Haroni Depo. at 60:15-18.)

17       When contracting with foreign trading companies, STAR informed

18  those companies that STAR designs were not to be reproduced for

19  anyone other than STAR.  (Haroni Depo. at 61:13-20.)  The designs

20  STAR sends to trading houses for reproduction bear stamps

21  indicating that the designs belong to STAR.  (Supplemental Haroni

22  Dec. ¶ 12., Exhibit 8.)  All STAR documentation, such as packing

23  lists and invoices, indicate that STAR's designs are copyrighted.

24  (Supplemental Dec. ¶ 13.)  STAR's physical fabrics bear physical

25  copyright notifications, which are engraved by the trading

26  companies and/or factories that manufacture the fabric for STAR.

27  (Supplemental Dec. ¶ 14.)  Nevertheless, STAR is aware that foreign

28  factories commonly do not have strict pattern controls, and that

7

1   these factories disseminate proprietary designs, including STAR

2   designs, as their own.  (Haroni Depo. at 65:15 – 67:23.)

3        Defendants argue that STAR has created a "cottage industry" of

4   filing infringement lawsuits in violation of the public policy

5   embedded in copyright.  (Opp. at 3,6-7.)  Though not articulated as

6   such, Defendants' theory appears to be that STAR intentionally

7   distributes its designs to foreign factories with the knowledge

8   that those factories will disseminate STAR designs without

9   authorization.  Those unauthorized producers will then mislead

10  customers, such as Defendant Morex, as to the provenance of a

11  design.  Factory customers will then, believing that a design is

12  not copyrighted, proceed to innocently infringe, resulting in

13  litigation by STAR.

14       Though such a theory is plausible to some degree, the evidence

15  in the record does not establish that STAR intentionally subverts

16  its own copyright in an attempt to ensnare innocent infringers.

17  The only evidence Defendants put forth to support their claim is

18  STAR's ignorance of the names of the fabric manufacturers in Korea

19  and China and knowledge that factories sometimes reproduce designs

20  without authorization.  However, the evidence is clear that STAR

21  has no contact with those manufacturers because STAR contracts with

22  foreign trading companies, who then in turn source the work to the

23  factories.  In its interactions with those trading companies, STAR

24  seeks to protect its copyright through verbal admonitions against

25  unauthorized reproduction, notification of design ownership on sale

26  documentation, and physical indicia of design ownership on the

27  fabric itself.  On such a record, no reasonable trier of fact could

28  find that STAR misused its copyright.

**IV.   Conclusion**

       For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment is GRANTED.

IT IS SO ORDERED.


Dated: September 22, 2011

                                        DEAN D. PREGERSON

                                        United States District Judge