Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Regina Y. Yeh (SBN 266019)
regina@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>    vs.<br><br>TARGET CORPORATION, a Minnesota Corporation; KANDY KISS OF CALIFORNIA, INC.,  a California Corporation; MOREX ENTERPRISES, INC., and DOES 1 through 10,<br><br>Defendants. | Case No.:  CV 10-7987 DDP (AGRx)<br> _Hon. Dean D. Pregerson Presiding_<br><br>**PARTIES' JOINT SET OF JURY INSTRUCTIONS**<br><br>Trial Date: November 8, 2011<br>Time: 9:00 a.m.<br>Courtroom: 3 |

### **Plaintiff's Introductory Statement**

This set of proposed jury instructions consists of all Ninth Circuit Model Jury Instructions that have been agreed on by the parties.

That said, the Court will note that within these proposed instructions Defendants have proposed separate modified versions of Ninth Circuit Model Instructions 17.22, 17.23 and 17.24.  Plaintiff, in contrast, has proposed unmodified versions of 17.22 and 17.23, and has only modified 17.24 to reflect that this is a "direct profits" case and not an "indirect profits" case.  As such, Plaintiff requests that its version of these instructions be given and not Defendants' modified versions.

### **Defendants' Introductory Statement**

Defendants' submit these proposed jury instructions despite uncertainty about the issues that will be presented at trial.  Defendants filed a motion for summary adjudication that if granted, would preclude Plaintiff from disgorging the profits of Defendants Kandy Kiss and Target.  The Court has yet to issue a ruling on Defendants' motion, and as a result, it is uncertain to what extent damages will be an issue at trial.

In addition, Defendants have submitted a motion for reconsideration of the Court's Order granting Plaintiff's motion for partial summary judgment as to liability and requested ex parte that the hearing for such motion be set on the date of the pretrial conference, October 17, 2011.  As a result, it remains unclear whether liability will be an issue at trial.

Accordingly, Defendants reserve all rights to amend, add to, or deduct from these proposed jury instructions based upon the Court's rulings on the above-referenced motions.

1

## INDEX OF JURY INSTRUCTIONS

2

| No. | Jury Instruction Description | Source | Page |
|---|---|---|---|
| 1. | 1.1C Duty of Jury – Ninth Circuit Model Civil Jury Instructions | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 1 |
| 2. | 1.3 Burden of Proof—Preponderance of the Evidence | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 2 |
| 3. | 1.5 Two or More Parties—Different Legal Rights | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 3 |
| 4. | 1.6 Evidence | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 4 |
| 5. | 1.7 What is Not Evidence | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 5 |
| 6. | 1.9 Direct and Circumstantial Evidence | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 6 |
| 7. | 1.10 Ruling on Objections Source: Ninth Circuit Model  Civil Jury Instructions (2007) | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 7 |
| 8. | 1.11 Credibility of Witnesses | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 8 |
| 9. | 2.4 Deposition in Lieu of Live Testimony | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 9 |
| 10. | 2.11 Expert Opinion | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 10 |
| 11. | 2.12 Charts and Summaries Not Received in Evidence | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 11 |
| 12. | 2.13 Charts and Summaries in Evidence | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 12 |
| 13. | 4.2 Liability of Corporations—Scope of Authority Not in Issue | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 14 |
| 14. | 17.0 Preliminary Instruction—Copyright | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 15 |
| 15. | 17.1 Copyright—Defined | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 16 |
| 16. | 17.22 Copyright—Damages | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 17 |
| 17. | 17.23 Copyright Actual Damages Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. (2007) | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 19 |
| 18. | 17.24 Copyright Defendant's Profits | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 21 |
| 19. | 17.27 Copyright Willful Infringement Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. (2007) | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 23 |
| 20. | 3.1  Duty To Deliberate Source: Ninth Circuit Model Civil Jury Instructions (2007) | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 24 |
| 21. | 3.2 Communication With Court Source: Ninth Circuit Model Civil Jury Instructions (2007) | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 25 |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| 22. | 3.3 Return Of Verdict<br>Source: Ninth Circuit Model Civil Jury Instructions (2007) | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 26 |
| 23. | 3.4 Additional Instructions Of Law<br>Source: Ninth Circuit Model Civil Jury Instructions (2007) | Source: Ninth Circuit Model Civil Jury Instructions (2007) | 27 |

# COURT'S INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## COURT'S INSTRUCTION NO. 2

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# COURT'S INSTRUCTION NO. 3

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

# COURT'S INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness
2.  the exhibits which are received into evidence; and
3.  any facts to which the lawyers have agreed.

# COURT'S INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## COURT'S INSTRUCTION NO. 6

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## COURT'S INSTRUCTION NO. 7

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# COURT'S INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case and any bias or prejudice;

(5)   whether other evidence contradicted the witness's testimony;

(6)   the reasonableness of the witness's testimony in light of all the evidence; and

(7)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

# COURT'S INSTRUCTION NO. 9

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## COURT'S INSTRUCTION NO. 10

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## COURT'S INSTRUCTION NO. 11

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## COURT'S INSTRUCTION NO. 12

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

# COURT'S INSTRUCTION NO. 13

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

# COURT'S INSTRUCTION NO. 14

In this case you are being asked to determine the damages resulting from Defendants' infringement of Plaintiff's 59705 design.  To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

## DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

## COPYRIGHT INTERESTS

The copyright owner may transfer, sell, convey to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, preparing a derivative work from, distributing, performing, or displaying, the copyrighted work. To be valid, the transfer, sale, conveyance must be in writing. The person to whom a right is transferred is called an assignee.

One who owns a copyright may agree to let another reproduce, prepare a derivative work of, distribute, perform, or display the copyrighted work. To be valid, the transfer, sale, conveyance, must be in writing. The person to whom this right is transferred is called an exclusive licensee. The exclusive licensee has the right to exclude others from copying the work [to the extent of the rights granted in the license.

## HOW COPYRIGHT IS OBTAINED

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

LIABILITY FOR INFRINGEMENT

One who reproduces, prepares derivative works from, distributes, performs, displays a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

In this case it has been determined by the Court that infringement has occurred.

# COURT'S INSTRUCTION NO. 15

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

1. authorize, or make additional copies, or otherwise reproduce the copyrighted work in copies;

2. recast, transform, adapt the work, that is, prepare derivative works based upon the copyrighted work; and

3. distribute copies of the copyrighted work to the public by sale or other transfer of ownership  or by rental or lease or lending.

It is the owner of a copyright who may exercise these exclusive rights to copy. The term "owner" includes the author of the work and an assignee.  In general, copyright law protects against production, adaptation, distribution, display of substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.  Even though one may acquire a copy of the copyrighted work, the copyright owner retains rights and control of that copy, including uses that may result in additional copies or alterations of the work.

**COURT'S INSTRUCTION NO. 16**
(Plaintiff's Proposed)


You must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. In addition, the plaintiff is also entitled to recover any profits of the defendant attributable to the infringement. The plaintiff must prove damages by a preponderance of the evidence.


Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 17.22 (2007)
Modification: None.

# COURT'S INSTRUCTION NO. 16
## (Defendants' proposed)

You must determine the plaintiff's damages and whether defendants are liable for damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. In addition, the plaintiff is also entitled to recover any profits of the defendant attributable to the infringement. In order to recover damages from defendants, the plaintiff must prove that the defendants' infringement cause actual damage.  The plaintiff must prove its actual damages by a preponderance of the evidence.  In order to recover profits from defendants, the plaintiff must prove not only that the defendants earned profits, but that defendants' profits were caused by defendants' infringement.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.


Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 17.22 (2007) ); Instr. 5.1; *Polar Bear Productions, Inc. v. Timex Corp*., 384 F.3d 700, 711, 714 n.10 (9th Cir.2004)
Modification: Yes

**COURT'S INSTRUCTION NO. 17**
(Plaintiff's Proposed)

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendants' unauthorized use of the plaintiff's work.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 17.23 (2007)
Modification: None

# COURT'S INSTRUCTION NO. 17
### (Defendants' Proposed)

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendants' unauthorized use of the plaintiff's work.  However, the amount may not be based on undue speculation.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 17.23 (2007); *See* Comments to Model Jury Instructions, citing, *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708-09 (9th Cir.2004) ("[I]t is not improper for a jury to consider *either* a hypothetical lost license fee *or* the value of the infringing use to the infringer to determine actual damages, provided the amount is not based on 'undue speculation.'")
Modification: Yes

## COURT'S INSTRUCTION NO. 18
### (Plaintiffs' Proposed)


In addition to actual damages, the copyright owner is entitled to any profits of the defendants attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of a defendants' profits only if you find that the plaintiff showed a causal relationship between the infringement and the defendants' gross revenue.

The defendants' profit is determined by subtracting all expenses from the defendants' gross revenue.

The defendants' gross revenue is all of the defendants' receipts from the sale of product containing or using the copyrighted work. The plaintiff has the burden of proving the defendants' gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the defendant's gross revenue. Each defendant has the burden of proving its expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendants have the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.


Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 17.24 (2007)
Modification: Yes

**COURT'S INSTRUCTION NO. 18**
(Defendants' Proposed)

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of a defendants' profits only if you find that the plaintiff showed a causal nexus between the infringement and the profits generated indirectly from the infringement.

If you determine that plaintiff is entitled to recover defendants' profits, you are to calculate profits by subtracting all expenses from the defendants' gross revenue.

The defendants' gross revenue is all of the defendants' receipts from the sale of product containing or using the copyrighted work. The plaintiff has the burden of proving the defendants' gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the defendants' gross revenue. The defendant has the burden of proving the defendants' expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 17.24 (2007); *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 711, 714 n. 10 (9th Cir.2004)
Modification: Yes

**COURT'S INSTRUCTION NO. 19**

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1.  the defendant engaged in acts that infringed the copyright; and

2.  the defendant knew that those acts infringed the copyright.

Source: Manual of Model Jury Instructions of the Ninth Circuit, Instr. 17.27 (2007)
Modification: None.

# COURT'S INSTRUCTION NO. 20

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## COURT'S INSTRUCTION NO. 21

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## COURT'S INSTRUCTION NO. 22

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

## COURT'S INSTRUCTION NO. 23

At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

You will now retire to the jury room and continue your deliberations.

Submitted by:

Dated: October 7, 2011            DONIGER / BURROUGHS, APC
                                  Stephen M. Doniger
                                  Scott A. Burroughs
                                  Regina Y. Yeh

                                  By:  _/s/ Stephen M. Doniger_____
                                  Stephen M. Doniger, Esq.
                                  Attorneys for Plaintiff Star Fabrics, Inc.


Dated: October 7, 2011            CALL & JENSEN
                                  A Professional Corporation
                                  Scott P. Shaw
                                  Aaron L. Renfro

                                  By:__/s/ Aaron L. Renfro_____
                                  Aaron L. Renfro
                                  Attorneys for Defendant Morex Enterprises, Inc.


Dated: October 7, 2011            EZRA BRUTZKUS GUBNER
                                  Mark Brutzkus
                                  Todd Lander

                                  By:  _/s/ Mark Brutzkus_____
                                  Mark Brutzkus, Esq.
                                  Attorneys for Defendants Kandy Kiss of California,
                                  Inc. and Target Corp.