O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STAR FABRICS, INC., a California corporation, | ) ) ) | Case No. CV 10-07987 DDP (AGRx) |
| Plaintiff, | ) ) | **PRELIMINARY ORDER RE: DISCUSSION OF PROFITS AT TRIAL** |
| v. | ) ) | |
| TARGET CORPORATION, a Minnesota Corporation; KANDY KISS OF CALIFORNIA, INC., a California corporation; MOREX ENTERPRISES, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

It has been established that Defendants Kandy Kiss of California, Inc. ("Kandy Kiss") and Target Corporation ("Target") infringed upon Plaintiff's copyright by selling dresses bearing Plaintiff's copyrighted pattern.

Defendant's Proposed Special Jury Instruction Number 2, now withdrawn, stated that Plaintiff may not recover profits from Defendants Kandy Kiss and Target if those defendants "did not earn any additional profits from selling the infringing garments than they would have earned if they sold non-infringing garments . . . ."

```
 1        To the extent this statement suggests that profits may be
 2   measured with reference to sales of other, non-infringing garments,
 3   the statement is correct.  Defendants could, for example, compare
 4   the infringing sales to sales of garments bearing different, non-
 5   infringing designs.
 6        However, the reference to "non-infringing garments" is
 7   potentially misleading.  Defendants may try to draw comparisons
 8   between the unauthorized sales that occurred here and hypothetical
 9   profits that Defendants would have earned if Defendants had been
10   authorized to distribute the protected design.  Such argument is
11   likely to confuse the jury as to the law of profit disgorgement, on
12   which the court will give instruction.
13        Accordingly, the parties shall not present evidence or
14   argument regarding hypothetical profits Defendants would have
15   realized if they had, by obtaining authorization to distribute
16   Plaintiff's design, not infringed upon Plaintiff's copyright.
17   Defendants may not, for example, argue that it would have cost them
18   $5,000 to obtain permission to distribute Plaintiff's pattern so,
19   therefore, only $5,000 of profit from Defendants' infringing sales
20   is attributable to the infringement.
21
22   IT IS SO ORDERED.
23
24
25   Dated: October 28, 2011
                                     DEAN D. PREGERSON
26                                   United States District Judge
27
28
```